IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOKARI MILLER,<br>  Plaintiff,<br><br>   v.<br>CHIEF RONALD WATSON, OFFICER MICHAEL JONES, OFFICER MARCELLA SAWYER and CHICAGO STATE UNIVERSITY.<br><br>  Defendants. | |

## COMPLAINT AT LAW

NOW COMES the PLAINTIFF, JOKARI MILLER (hereinafter "PLAINTIFF"), by and through his attorney, Blake Horwitz, Esq., of The Blake Horwitz Law Firm, LTD, and pursuant to this Complaint at Law, states the following against the above named Defendants, to wit, OFFICER (hereinafter, the "DEFENDANT OFFICERS"), and CHICAGO STATE UNIVERSITY.

## JURISDICTION

1. This is an action for money damages brought pursuant to 42 U.S.C. § 1983 and the common law and statutes of the State of Illinois.

2. This Court has jurisdiction over PLAINTIFF'S federal claims pursuant to 28 U.S.C. §§ 1331 and 1343(a) and over PLAINTIFF'S state claims pursuant to the Court's supplemental jurisdiction under 28 U.S.C. § 1367(a).

3. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b), in that the events giving rise to PLAINTIFF'S claims occurred in this district.

## PARTIES

1. PLAINTIFF is a resident of the State of Illinois and of the United States.

2. The DEFENDANT OFFICERS were at all times relevant hereto employed by and acting on behalf of the CHICAGO STATE UNIVERSITY.

3. The DEFENDANT CHICAGO STATE UNIVERSITY is a duly incorporated community college and is the employer and principal of the DEFENDANT OFFICERS who are Chicago State University police officers. At all times material to this Complaint, the DEFENDANT OFFICERS were acting under color of state law, ordinance and/or regulation, statutes, custom and usages of the Chicago State University.

## FACTS

4. On or about May 9, 2014, PLAINTIFF was on the campus of CHICAGO STATE UNIVERSITY, where he was a student.

5. PLAINTIFF was in the university library.

6. PLAINTIFF was wearing a baseball hat.

7. There is no school policy prohibiting or discouraging students against wearing hats on campus.

8. DEFENDANT OFFICER RONALD WATSON approached PLAINTIFF and instructed him to remove his hat.

9. PLAINTIFF stated wearing a hat is not against any school and that he had the right to wear his hat.

10. DEFENDANT OFFICER MICHAEL JONES told PLAINTIFF to "shut up".

11. PLAINTIFF stated again that he had the right to wear his hat and refused to remove it.

12. DEFENDANT OFFICER MICHAEL JONES forcefully shoved PLAINTIFF against a wall and placed PLAINTIFF in a chokehold.

13. DEFENDANT OFFICER MICHAEL JONES and DEFENDANT OFFICER MARCELLA SAWYER forced PLAINTIFF to the ground and placed him in handcuffs.

14. DEFENDANT OFFICERS arrested Plaintiff.

15. PLAINTIFF was not a threat to DEFENDANT OFFICERS in any way.

16. On or about, Plaintiff did not obstruct DEFEDANT OFFICERS in the performance of their duties, resist arrest, batter, and/or assault any of the DEFENDANT OFFICERS.

17. The use of force initiated by and/or the failure to intervene in the use of said force by the DEFENDANT OFFICERS was unreasonable.

18. On or about May 9th, 2014, the DEFENDANT OFFICERS arrested, participated in the arrest or failed to prevent the arrest of the PLAINTIFF and charged or participated in the charging of PLAINTIFF with criminal activity, notwithstanding that neither DEFENDANT OFFICER observed or learned that PLAINTIFF had committed criminal activity of any sort, was committing any criminal activity, or was about to commit criminal activity.

19. Neither of the DEFENDANT OFFICERS had probable cause to believe that the PLAINTIFF had committed, was committing or was going to commit any criminal activity on or about May 9th, 2014. This conduct violated the Fourth Amendment to the United States Constitution.

20. On or about May 9th, 2014, the DEFENDANT OFFICERS had no probable cause to arrest the Plaintiff.

21. On or about May 9th, 2014, PLAINTIFF had not committed any act contrary to the laws of the State of Illinois.

22. On or about May 9th, 2014, the DEFENDANT OFFICERS did not have a reasonable suspicion to believe PLAINTIFF was involved in criminal activity.

23. As a direct and proximate result of one or both of the aforesaid acts or omissions of the DEFENDANT OFFICERS, PLAINTIFF was caused to suffer damages including but not limited to, physical and emotional injury, financial losses, and lost wages.

24. On or about May 9th, 2014, the DEFENDANT OFFICERS were on duty at all times relevant to this Complaint and were duly appointed police officers for the Chicago State University Police Department.

25. The DEFENDANT OFFICERS engaged in the conduct complained of, on said date, in the course and scope of employment and while on duty.

26. This action is being brought with regard to the individual capacity of the DEFENDANT OFFICERS.

27. On October 27, 2015, PLAINTIFF was found innocent of all criminal charges lodged against him by the DEFENDANT OFFICERS arising from his arrest on May 9, 2014.

## COUNT I
### Excessive Force Claim Pursuant to
### 42 U.S.C. § 1983 and the Fourth Amendment to the U.S. Constitution

28. PLAINTIFF re-alleges paragraphs 1 – 27 as though fully set forth herein.

29. The actions and/or the failure to intervene in the actions of the DEFENDANT OFFICERS amounted to an excessive use of force onto PLAINTIFF.

30. This conduct violated the Fourth Amendment of the United States Constitution.

31. The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the injuries suffered by the PLAINTIFF, set forth above.

WHEREFORE, PLAINTIFF demands compensatory damages from the DEFENDANT OFFICERS. PLAINTIFF also demands punitive damages, costs and attorneys' fees against the DEFENDANT OFFICERS and whatever additional relief this Court deems equitable and just.

## COUNT II
### False Arrest Claim Pursuant to 42 U.S.C. § 1983 and the Fourth Amendment to the U.S. Constitution

32. PLAINTIFF re-alleges paragraphs 1 – 27 as though fully set forth herein.

33. The actions of the DEFENDANT OFFICERS caused the arrest of the PLAINTIFF without probable cause to believe that the PLAINTIFF had committed criminal activity.

34. Therefore, the conduct of the DEFENDANT OFFICERS was in violation of the Fourth Amendment to the United States Constitution.

35. The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the injuries suffered by the PLAINTIFF, set forth above.

WHEREFORE, PLAINTIFF demands compensatory damages from the DEFENDANT OFFICERS. PLAINTIFF also demands punitive damages, costs and attorneys' fees against the DEFENDANT OFFICERS and whatever additional relief this Court deems equitable and just.

## COUNT III
### 745 ILCS10/10 Claim against the CHICAGO STATE UNIVERSITY

36. PLAINTIFF re-alleges paragraphs 1 – 27 as though fully set forth herein.

37. DEFENDANT CHICAGO STATE UNIVERSITY is the employer of the DEFENDANT OFFICERS.

38. The DEFENDANT OFFICERS, as alleged above, committed the acts under color of law and in the scope of employment of the DEFENDANT CHICAGO STATE UNIVERSITY.

WHEREFORE, should the DEFENDANT OFFICERS be found liable for any of the alleged counts in this cause, PLAINTIFF demands that, pursuant to 745 ILCS 10/9-102, the DEFENDANT CHICAGO STATE UNIVERSITY pay PLAINTIFF any judgment obtained against the DEFENDANT OFFICERS as a result of this Complaint.

## JURY DEMAND

39. PLAINTIFF demand trial by jury.

Respectfully submitted,

*s/ Blake Horwitz*
Attorney for the PLAINTIFF

Blake Horwitz, Esq.
**The Blake Horwitz Law Firm, LTD.**
111 W. Washington St.
Suite 1611
Chicago, Illinois 60602
Phone: (312) 676-2100
Fax: (312) 372-7076
bhorwitz@bhlfattorneys.com